IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| PLAINTIFF, : | |
| : | |
| v. : | CIVIL NO. 09-545-MJR |
| : | |
| $209,000.00 IN UNITED STATES : | |
| CURRENCY, : | |
| : | |
| DEFENDANT. : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLAIM OF FERNANDO SANCHEZ ANDRADE FOR LACK OF STANDING**

Now comes the United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and Michael Thompson, Assistant United States Attorney, and states as follows:

**BACKGROUND**

On July 22, 2009, the United States filed its complaint in this cause for the forfeiture of $209,390.00 (said complaint was later amended to reflect that the actual amount subject to forfeiture was $209,000.00).  As described in the affidavit attached to said complaint, the money was seized in Southern Illinois as a result of a traffic stop of a driver from Ohio by the name of Joel Salazar Alarcon.  The money was concealed in forty-two individually sealed plastic bags hidden inside the spare tire of the car.

On September 4, 2009, Fernando Sanchez Andrade filed a claim to the currency asserting that he had a "100% interest in the $209,000.00" and that the currency was in the possession of Joel Alarcon for the purpose of purchase of tractors and horses in the United States. Fernando Sanchez Andrade is a resident of Mexico.

On October 21, 2009 and again on December 22, 2009, the United States sent its first set of Interrogatories (see Exhibit A) to Andrade through his attorney. Claimant Andrade answered the Interrogatories on December 31, 2009 (see Exhibit B). In the Answer to Interrogatory No. 5, the claimant indicated that he buys and sells cattle and that he provided $219,000.00 to a business friend, Raymond Coronado Morales. The claimant stated that Raymond Coronado Morales was to purchase horses for Andrade in Ohio. The claimant further asserted that Raymond Coronado Morales sent his cousin, Francisco Coronado, to pick up the money in Mexico on December 12, 2007.

In the answer to Interrogatory No. 6, where, among other things, the claimant was asked why Joel Alarcon was in possession of the currency at the time it was seized, the claimant indicated that he did not know Joel Alarcon but that he received notification of the arrest of Joel Alarcon through claimant's cousin Luis Martin Sanchez.

Because the claimant in said answer provided no indication of how $209,000.00 of the $219,000.00 which the claimant purportedly presented to Francisco Coronado in Mexico ended up in the trunk of a car in Illinois driven by Joel Alarcon, the plaintiff submitted a Supplemental Interrogatory No. 20. A copy of the plaintiff's Supplemental Interrogatory is attached hereto as Exhibit C. In said Interrogatory the government requested that:

> Please state completely any and all facts and identify completely any and all evidence supporting your belief that the subject-matter currency seized from Joel Alarcon on February 17, 2008 is part of the funds that Fernando Andrade provided to Ramon Coronado Morales. With respect to said evidence, describe each evidentiary item fully and state the name, address, and telephone number of the person or entity holding said evidence.

In addition, the United States submitted a Request for Admission of Fact [Doc. 12]. In said Request, the United States asked that the following items be admitted:

2

1. That Claimant has no evidence and knows of no evidence that the subject-matter currency seized from Joel Alarcon on February 17, 2008 is part of the funds that Fernando Andrade provided to Ramon Coronado Morales.

2. That Claimant has no evidence and knows of no evidence that he or Alma Lorena Rios De Sanchez or both of them at any time were the owners of the currency seized from Joel Alarcon on February 17, 2008.

3. That Claimant has no evidence and knows of no evidence that he has standing to claim the subject-matter property.

4. That Fernando Andrade does not have standing to claim the subject-matter property.

Shortly after the time to answer the Request for Admission had lapsed, the attorney for the United States inquired of the claimant's attorney concerning the status of any response to the request and answer to the Interrogatory.  The attorney for the United States was informed that the claimant's attorney was attempting to obtain affidavits from persons in Mexico to attach in response to said documents but had been yet unable to do so at that time.  At the request of the United States, the attorney for the claimant provided the United States with an unsigned copies of the affidavits, a proposed response to Interrogatory No. 20, and a proposed response to the Request for Admission. The claimant's attorney was contemplating filing these documents, subject to the approval of the client and the obtaining of the necessary signatures (these documents are attached as Exhibit D).

On or about July 2, 2009, after the United States had still not received the official responses to its Interrogatory and Request for Admission, the United States sent a letter (see attached Exhibit E) indicating that it needed the responses no later than 15 days thereafter.

To date the United States still has not received the signed official responses to the Interrogatory and Request for Admission.

**ARGUMENT**

An essential part of contesting a forfeiture action is standing. The claimant must establish that he in fact has an actual interest in the currency before he can contest its forfeiture. *U.S. v. $38,578.00 in U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992); *U.S. v. 1998 BMW "I" Convertible*, 235 F.3d 397, 399 (8th Cir. 2000). A claimant seeking to challenge the forfeiture of property must first demonstrate at the outset a facially colorable interest in the proceedings sufficient to satisfy Article III standing; otherwise, no constitutional case or controversy exists capable of federal court adjudication. *1998 BMW* at 399. A bare assertion of ownership of the *res,* without more, is inadequate to prove an ownership interest sufficient to establish the standing. Because standing is a threshold question in every federal case, judicial economy would require that it be determined prior to the trial. *1998 BMW* at 339.

In the instant case, the United States has submitted a request for admission of facts. Rule 36(a) of the Federal Rules of Civil Procedure requires that the facts be admitted unless denied within 30 days after service of the requests or within such other times the Court may specify or that the parties may agree to in writing. Because of the failure of the claimant to respond to said Request for Admission, all of the facts within the Request for Admission of Fact are admitted. *Kalis v. Colgate Palmolive Company*, 231 F.3d 1049, 1059 (7th Cir. 2000). In said Request, the claimant has admitted that he has no standing to pursue this suit and that he has no evidence indicating that the seized currency is the same as the purported $219,000.00 he assembled in Mexico. These admissions by themselves are enough to defeat Andrade's claim.

As indicated above, the attorney for the claimant had provided the United States with an informal copy of a proposed response to the Interrogatory and to the Request for Admission of Fact.

Obviously, since these documents were not yet intended to be officially submitted to the United States, the claimant is not bound by any of the assertions contained within and the documents are legally meaningless. However, even if the claimant's attorney had obtained the signatures to these documents and filed them, they would not be adequate to confer standing.

Essentially, the unsigned documents assert the following: The claimant gave $219,000.00 in Mexico to Francisco Coronado to ultimately be used for the purchase of horses in the United States. Francisco Coronado transferred the money to Raymond Coronado Morales, his cousin. Raymond Coronado Morales received information that Joel Salazar Alarcon had been arrested and that the money had been seized. Alarcon received the documents concerning the seizure of the money and gave them to Raymond Coronado Morales. Raymond Coronado Morales gave the documents to Luis Martin Sanchez, the cousin of the claimant. Luis Martin Sanchez gave the documents to the claimant.

What is conspicuously absent from these papers, even if the information contained on them had been presented by the claimant to the Court, is how the $219,000.00 received by Raymond Coronado Morales turned into the $209,000.00 found in the spare tire of the car of Joel Salazar Alarcon. Absent this critical link in the chain, and even presuming that all of the foregoing facts had not been precluded by the failure to answer the Request for Admission, there is still no explanation indicating that Mr. Andrade's money is the same as the money found in the car of Mr. Alarcon. Furthermore, the affidavits, even if they had been signed by the persons in Mexico, would not be admissible in the trial of this matter. The claimant has thus not provided any evidence that the money sealed up in the forty-two plastic bags in Alarcon's car is the same money which purportedly belonged to the claimant.

WHEREFORE, the United States prays that the claimant's claim be dismissed for lack of standing and that claimant Fernando Sanchez Andrade be found to have no right, title, or interest in the subject-matter currency and thus no right to contest the forfeiture of same.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

*/s/ MICHAEL THOMPSON*

MICHAEL THOMPSON
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL NO. 09-545-MJR |
| | : | |
| $209,000.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| DEFENDANT. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2010, I caused to be electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIM OF FERNANDO SANCHEZ ANDRADE FOR LACK OF STANDING** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stanton Bloom

and I hereby certify that on July 20, 2010, I also caused to be mailed by United States Postal Service, the document(s) to the following non-registered participants:

NONE.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

*/s/ MICHAEL THOMPSON*

MICHAEL THOMPSON
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700
Fax:  (618) 622-3810
Michael.Thompson2@usdoj.gov